Opinion issued August 29, 2002 















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00485-CR






DWAYNE GLENN REVEILE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 853255






O P I N I O N

 Appellant, Dwayne Glenn Reveile, was indicted for assault of a family
member. The indictment alleged a single enhancement for a prior conviction for
assault of a family member. Appellant pleaded guilty, and the trial judge, in
accordance with a plea agreement between appellant and the State, assessed
punishment at six years community supervision

 Subsequently, the State filed a motion to revoke community supervision,
alleging, among other things, that appellant violated the terms of his community
supervision by committing a new law violation. Appellant pled true to the allegation
of the State's motion to revoke probation, and the trial judge, in accordance with a
new plea agreement between appellant and the State, assessed punishment at four
years confinement.

 Counsel has filed a brief stating his opinion that the appeal is frivolous. The
brief meets the minimum requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and
stating why there are no arguable grounds of error on appeal. See Gainous v. State, 
436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

 Counsel certifies that the brief was delivered to appellant and that he advised
appellant of his right to file a pro se response. Appellant's motion to extend the filing
deadline for his pro se response was granted. Over forty-five days have passed, and
appellant has not filed a pro se response.

 We have reviewed the record and counsel's brief. We hold there are no
arguable grounds for appeal.

 We affirm the judgment.

 Counsel has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court 
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).

PER CURIAM


Panel consists of Justices Hedges, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.